| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |

| | |
|---|---|
| George Martin Shead, § | |
| § | |
| Plaintiff, § | |
| § | |
| versus § | CIVIL ACTION H-08-497 |
| § | |
| Francis J. Kelley, § | |
| § | |
| Defendant. § | |

## Opinion on Dismissal

1. **Introduction.**

In October of 2007, an adversary proceeding was filed in the bankruptcy court because debtor George M. Shead had committed fraud in filing a Chapter 13 bankruptcy petition. In April of 2008, the core bankruptcy proceeding was withdrawn to this court; it was dismissed in May. The three remaining issues are: (a) a malicious prosecution claim stemming from Shead's bankruptcy filing, (b) Shead's misapplication of partnership funds, and (c) attorney fees from the original bankruptcy claim.

Because this court does not have exclusive jurisdiction over the matters arising from the original bankruptcy proceeding and because uniformity of bankruptcy law will not be disrupted, the malicious prosecution and misapplication of partnership funds issues are dismissed with prejudice unless the claims are re-filed in state court by January 8, 2010. Because the attorney fee payment violated only a bankruptcy rule, the issue will be decided at a hearing in this court.

2. **Malicious Prosecution**.

A state malicious prosecution claim is not preempted by federal bankruptcy just because the claim arose out of the filing of an adversary action in a bankruptcy proceeding. **Graber v. Fuqua**, 279 S.W.3d 608 (Tex. 2009).

Here, the original bankruptcy action was followed by an adversary proceeding because the debtor failed to disclose a partnership. A final decree was entered in the bankruptcy case in January of 2009. The parties now disagree about whether a malicious prosecution claim stemming from the bankruptcy action must be brought in federal court. Because the state law claim for wrongful conduct in pursuing the federal bankruptcy case is not necessarily preempted by the earlier federal bankruptcy, this action is dismissed.

3. **Misapplication of Funds.**

The second issue in this case is the misapplication of partnership funds by Shead. Although federal district courts have original, exclusive jurisdiction over all cases arising under Title 11 of the United States Code, they do not have exclusive jurisdiction of all civil proceedings **related to** cases under Title 11. 28 U.S.C. 1334(a)-(b).

Shead has been accused of using partnership assets for personal reasons, as well as failing to collect rents and distribute them to Kelley. In addition, Kelley has claimed that Shead was unable to show how loan proceeds were allocated to properties that serve as collateral for loans.

Kelley argues that a federal district court can exercise jurisdiction over pendent claims, pendent parties, and ancillary claims when they are so related to the claims in the suit that they are part of the same case or controversy. That is not the case here. The original federal claim has been disposed of and the remaining matters are merely related to the original bankruptcy. For that reason, this court does not have exclusive jurisdiction and the misapplication of funds matter will be dismissed.

4. **Attorney Fees.**

The final issue is the fact that Shead paid his attorney $5,000 from partnership funds, violating the Federal Rules of Bankruptcy Procedure. An attorney for a debtor must file a statement that

includes whether she shared compensation with an entity. FED. R. BANKR. P. 2016(b). The court may determine whether a payment of funds by the debtor to the attorney after the entry of an order for relief is excessive. FED. R. BANKR. P. 2017(b).

District courts have original jurisdiction of all cases under Title 11. 28 U.S.C. 1334(a). The only reason Shead could not have paid his attorney from the partnership funds was because of the pending bankruptcy. Because the payment violated only a bankruptcy rule, the state court cannot hear the attorney fee issue. Attorney fees will be determined at a hearing in this court.

5. **Conclusion.**

The court may direct the entry of final judgment as to one or more claims in a multiple-claim suit when there is no just reason for delay. FED. R. CIV. P. 54(b). The abuse of process and misapplication of funds issues related to the original bankruptcy proceeding are not preempted by arising out of the federal bankruptcy claim. They are dismissed with prejudice unless Kelley re-files the claims in state court by January 8, 2010.

The partnership funds will be held in the registry of this court pending the outcome of the hearing.

Signed on December 7, 2009, at Houston, Texas.

_____
Lynn N. Hughes    USDJ
United States District Judge

3