| United States District Court | Southern District of Texas |
|---|---|

George Martin Shead, §
§
       Plaintiff, §
§
versus §  Civil Action H-08-497
§
Francis J. Kelley, §
§
       Defendant. §

## Opinion on Disgorgement and Fees

1.    *Background.*

George Shead filed a Chapter 13 bankruptcy petition in bad faith to stop a foreclosure on a partnership real estate. In his original schedule, prepared with the assistance of his attorney, Margaret McClure, he mis-represented that he was not a partner or an officer. When this was disclosed by the excluded partner, he amended the schedule. When ordered to deliver documents about the partnership, he said that his computer was broken.

Next he filed an adversary proceeding, listing Francis Kelley as a co-debtor under mortgages on one of the partnership properties. Shead was required to list Kelley's address on that schedule. Instead, Shead listed his own mother's address, keeping Kelley in the dark. When this deceit surfaced, someone under McClure's password logged into the computer and adjusted Kelley's address the night before a hearing in this court.

Shead also paid McClure $5,000 from the partnership funds without disclosure to or approval from the court. The court allowed McClure to withdraw on July 24, 2008, reserving the issue of whether she must disgorge her improper fee.

Shead's conscious, deliberate manipulations of the judicial process formed the basis of the court's dismissal of the bankruptcy on May 6, 2008. State law claims for malicious prosecution have been dismissed without prejudice on December 4, 2009.

2.    *Disgorgement.*

McClure failed to disclose Shead's $5,000 payment. She is obliged to by the bankruptcy code. Fed. R. Bank. P. 2016(b). McClure must disgorge the $5,000 to the two mortgage

companies, *pro rata*, because that money would have been an asset.  She will pay $3,250 to Hometown Bank of Galveston and $1,750 to Chase Bank.

3.  *Attorneys Fees.*

Kelley's lawyer has submitted three fee affidavits, an invoice, and a summary of his expenses, totaling $60,768.95.  His affidavits were filed in February, April, and May of 2008; they rested without objection.  At a hearing on fees, he testified about his accounting method.  He represented Kelley for over two years and in two courts.  He had to marshal the facts of both sides because of Shead's misrepresentations. The case was complex procedurally and was expedited when withdrawn.  His fees are reasonable for uncovering and debunking this meretriciously-filed and obstinately-maintained proceeding. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).  Shead must pay Kelley $60,768.95.

McClure was also paid $4,000 that had been approved by the bankruptcy court before the case was withdrawn. Since McClure's role in this abusive case was willful blindness in filing a petition that was dishonest and filed for an unlawful purpose, with an exacerbating cover-up, she is jointly and severally liable for $4,000 of the attorneys fees owed to Kelley.

To the extent that Kelley's fees from federal court are a component of the damages that may be awarded in the state court suit for malicious prosecution, Shead's and McClure's payments will be credited against Kelley's recovery in that case.

4.  *Conclusion.*

For her active participation in perpetrating a fraud on the court and creditors, Margaret McClure will disgorge her unapproved $5,000 fee, $3,250 to Hometown Bank of Galveston and $1,750 to Chase Bank.

George Shead will pay $60,768.95 in attorneys fees to Francis Kelley.  Margaret McClure is jointly and severally liable for $4,000 of the $60,768.95.

Signed on December 30, 2009, at Houston, Texas.

                                              Lynn N. Hughes    USDJ
                                              United States District Judge